# 12 CV 04687

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Ahron Braun;**<br>　　　*Plaintiff,*<br><br>-v-<br><br>**UNITED RECOVERY**<br>**SYSTEMS, LP;**<br>　　　*Defendant,* | )<br>)<br>)<br>)　**Case No.** _____<br>)<br>)<br>)<br>)<br>)　**TRIAL BY JURY DEMANDED** |

## COMPLAINT FOR VIOLATIONS OF THE FCRA

JUN 2 2012
PRO SE OFFICE

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Ahron Braun, a natural person, who resides in Orange County, New York State.

4. The Defendant in this lawsuit is UNITED RECOVERY SYSTEMS, LP an unknown entity with offices at 5800 N. Course Drive, Houston, TX 77072.

### VENUE

5. The occurrences which give rise to this action occurred in Orange County, New York State and Plaintiff resides in Orange County, New York State.

6. Venue is proper in the Southern District of New York State.

## GENERAL ALLEGATIONS

7. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

8. Plaintiff found after examination of his Experian consumer credit report that Defendant had obtained Plaintiff's Experian consumer credit report on March 14, 2011 without permissible purpose, thereby reducing Plaintiff's credit score.

9. Discovery of violation brought forth herein occurred in the Month of May, Year 2012 and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT UNITED RECOVERY SYSTEMS, LP

10. Paragraphs 1 through 9 are realleged as though fully set forth herein.

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

12. Experian consumer credit report is a consumer credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(d), and within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

13. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

14. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

15. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant.

16. At no time did the Plaintiff give his consent for Defendant to acquire his consumer credit report from any credit reporting agency.

17. FCRA in 15 U.S.C. §1681a(r)(4) states:  The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

   (2) the term "account" means a demand deposit, savings deposit, or other asset account <u>(other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act),</u> as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement.

18. <u>The definition of "account" clearly does not include an account such as a credit card open end credit account</u> but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff never had any such account so there was obviously no permissible purpose to obtain the Plaintiff's credit report.

19. In the Year 2011, the Defendant obtained the Plaintiff's Experian consumer credit report with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.  Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

20. Plaintiff is positive that he has never had any accounts with the Defendant that could claim to have permissible purpose to obtain his credit report as defined by the FCRA.

21. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

22. Plaintiff sent a notice to Defendant of their violations of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff received no reply to said notice sent to Defendant.

23. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant UNITED RECOVERY SYSTEMS, LP for statutory damages of 1,000.00 to be determined by this honorable court, fees, and costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

**Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.**

**Dated:  June 6, 2012**

**Respectfully Submitted,**

**By:** _____

**Ahron Braun**
**5 Mountain Road Unit 205**
**Monroe, NY 10950**
ip84510950@gmail.com

**Service to:**

**UNITED RECOVERY SYSTEMS, LP**
**5800 N. Course Drive**
**Houston, TX  77072**