**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**
ATTORNEYS-AT-LAW · WWW.MARSHALLDENNEHEY.COM
A PROFESSIONAL CORPORATION

PENNSYLVANIA: Bethlehem, Doylestown, Erie, Harrisburg, King of Prussia, Philadelphia, Pittsburgh, Scranton
NEW JERSEY: Cherry Hill, Roseland
DELAWARE: Wilmington
OHIO: Cleveland
FLORIDA: Ft. Lauderdale, Jacksonville, Orlando, Tampa
NEW YORK: Long Island, New York City

140 Broadway, 19th Floor · New York, NY 10005
(212) 878-1700 · Fax (212) 878-1701

Direct Dial: (212) 376-6413
Email: RDLane@MDWCG.com

January 3, 2013

**VIA FEDERAL EXPRESS AND ECF**
The Judge Kenneth M. Karas
Charles L. Brieant Jr. Federal Building and Courthouse
Southern District of New York
300 Quarropas Street White Plains, New York 10601

    Re:    Ahron Braun v. United Recovery System, LP
            United States District Court Southern District of New York
            Docket No.: 7:12-cv-05571-KMK
            Our File No.: 21096.00222

Dear Honorable Kenneth M. Karas:

    My law firm has been retained to represent Defendant, United Recovery System, LP ("URS"), in the above-captioned matter against *pro se* Plaintiff, Ahron Braun ("Plaintiff"). Pursuant to Your Honor's Individual Rules and Practices, URS hereby respectfully requests a Pre-Motion Conference to seek leave to file a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has failed to plead a claim upon which relief can be granted.

    In his Amended Complaint, filed on August 30, 2012, Plaintiff alleges that URS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Specifically, Plaintiff incorrectly concludes that URS impermissibly accessed Plaintiff's credit report, in violation of 15 U.S.C. § 1681b.

    While it is true that Section 1681b of the FCRA prohibits parties from obtaining consumer reports from consumer reporting agencies subject to specifically enumerated purposes, URS plainly falls within one of the permissible purposes for accessing a credit report.

    URS was retained to recover on a delinquent debt obligation owed by Plaintiff to Citibank, N.A. The subject debt was incurred as a result of a credit transaction between Plaintiff and Citibank, N.A. URS was acting as a debt collector with respect to the Citibank,

The Honorable Kenneth M. Karas
January 3, 2013
Page 2

---

N.A. debt when it accessed Plaintiff's credit reports for a specific permissible purpose, pursuant to § 1681b(a)(3)(A):

> (a) ... [A]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other ... (3) To a person which it has reason to believe: ... (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review **or collection of an account of, the consumer**. See 15 U.S.C. § 1681b(a)(3)(A) (emphasis provided).

Plaintiff's entire claim of liability under the FCRA plainly fails as a matter of law. Courts have been clear and consistent that referral of an account by a creditor for collection is a permissible purpose for a debt collection agency to obtain a consumer report. See Edge v. Professional Claims Bureau, 64 F. Supp. 2d 115, 118 (E.D.N.Y. 1999), aff'd, 234 F.3d 1261 (2d Cir. 2000) ("The referral of that debt gave [the collection agency] a permissible purpose for obtaining the credit information.")  Even if the debt sought by URS was invalid (which is not the case, as the debt was in fact due and owing), URS accessed the report for legitimate collection purposes.  In a 2011 decision pertaining to the same issue, the District of Minnesota put the matter succinctly:

> Every time Defendant obtained the consumer reports, it provided the credit reporting agency only with the information of the Debtor Mary Miller. Furthermore, every time Defendant pulled the consumer reports it intended to obtain and use them in an effort to collect on the debts owed by Mary Miller. In this circumstance, Defendant had a reason to believe that pulling the consumer reports in question would aid it in its debt collection efforts in relation to the [] Accounts.  Miller v. Rubin & Rothman, LLC, at 10-11 (D. Minn. 2011).

When URS accessed Plaintiff's consumer report, it had *reason to believe* that the debt was owed by Plaintiff.  URS' intent in accessing the credit report was in connection with its efforts to collect on a debt owed by Plaintiff.  Accordingly, the referral of Plaintiff's defaulted account gave URS a permissible purpose for obtaining his credit report in full accord with section 1681b.

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true, and draw all reasonable inferences in favor of the plaintiff.  Bold Electric, Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (U.S. 2007), the Supreme Court rejected the standard set forth in Conley v. Gibson, 355 U.S. 41 (U.S. 1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," id. at 45-46. The Supreme Court discarded the "no set of facts" language in favor of the requirement that

The Honorable Kenneth M. Karas
January 3, 2013
Page 3

---

plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). Although heightened factual pleading is not the new standard, Twombly holds that a "formulaic recitation of cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1959. Further, a pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, 129 S. Ct. at 1950.

For the reasons set forth, URS requests a Pre-Motion Conference regarding its decision to file a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted because URS clearly possessed a permissible purpose for accessing Plaintiff's credit report in the course of URS' efforts to recover on a delinquent debt obligation owed by Plaintiff to Citibank, N.A.

We appreciate Your Honor's time and consideration regarding this matter.

Respectfully submitted,


/s/


R. David Lane, Jr.



cc:

Ahron Braun
4 Mountain Rd., No. 205
Monroe, NY 10950
Plaintiff, *Pro Se*