UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Ahron Braun,

                    Plaintiff,          7:12-cv-04687-KMK

      -against-                **DECLARATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

United Recovery Systems, L.P.,

                    Defendant.
-------------------------------------------------------X

    I, R. David Lane, Esq., declare under the penalty of perjury that the following is true and correct:

    1.    I am a member of the firm of Marshall Dennehey Warner Coleman & Goggin, P.C., attorneys for Defendant, United Recovery Systems, L.P. ("URS") in the above-captioned action and, as such, I am fully familiar with the facts and matters stated herein.

    2.    I submit this Declaration in support of URS' Motion to Dismiss Plaintiff's Amended Complaint pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    3.    At all relevant times, URS, a debt collector, was assigned Plaintiff's account for collection, by Citibank, N.A.

    4.    In furtherance of its collection activity, in or around May of 2011, URS accessed Plaintiff's credit information.

    5.    On June 12, 2012, Plaintiff filed a complaint against URS alleging that URS violated the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681, *et seq.*, alleging that URS impermissibly accessed his credit report. (See Docket Entry 2).

6. On August 7, 2012, the Honorable Loretta A. Preska issued a *sua sponte* order, demanding that Plaintiff amend his Complaint to provide a factual basis supporting the position that URS not only improperly accessed Plaintiff's credit information, but that it did so negligently or willfully. See Docket Entry 4.

7. On August 30, 2012, Plaintiff filed an Amended Complaint asserting the same violations of the FCRA, reiterating that he did not have a any business relationships or accounts with URS, and asserting without basis that URS acted "willfully, intentionally, recklessly and/or negligently". See Docket Entry 6.

8. As more fully articulated in the Memorandum of Law, URS contends that Plaintiff overlooks the fact that URS, as a debt collector, has a permissible purpose to access his credit report, as a clear matter of law.

9. Further, Plaintiff fails to articulate any fact in support of his position that URS was "negligent" or "willful" in its allegedly impermissible accessing of Plaintiff's credit information.

10. Accordingly, Plaintiff has failed to sufficiently plead a claim for which relief can be granted, and this Honorable Court should dismiss Plaintiff's Amended Complaint with prejudice.

Dated:	April 1, 2013

_____/s/_____<br>R. David Lane