UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X

Ahron Braun,                                    Case No. 7:12-cv-04687-KMK

                Plaintiff,

     v.                                   **MEMORANDUM OF LAW**
                                                **IN SUPPORT OF DEFENDANT,**
                                                **UNITED RECOVERY**
                                                **SYSTEMS, L.P. 'S MOTION TO**
                                                **DISMISS PLAINTIFF'S AMENDED**
United Recovery Systems, L.P.,                  **COMPLAINT**

                Defendant
-----------------------------------------------X

**<u>DEFENDANT, UNITED RECOVERY SYSTEMS, L.P.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT OF
PLAINTIFF, AHRON BRAUN</u>**

## TABLE OF CONTENTS

**Table of Authorities** ...................................................................................................ii

I.      INTRODUCTION...............................................................................1

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY ..............................1

III.    ARGUMENT………………………………………………………………2

        A.  LEGAL STANDARD FOR A MOTION TO DISMISS………………………2

        B. AS COLLECTION OF A DEBT IS A PERMISSABLE PURPOSE TO ACCESS
           A CONSUMER'S CREDIT REPORT, URS HAD A PERMISSIBLE PURPOSE
           TO ACCESS PLAINTIFF'S CREDIT HISTORY……………………………..3

        C. PLAINTIFF HAS FAILED TO PLEAD FACTS IN SUPPORT OF HIS
           ASSERTION THAT URS WAS WILLFUL OR NEGLIGENT WHEN IT
           ACCESSED PLAINTIFF'S CREDIT REPORT……..………………………7

**CONCLUSION** ................................................................................ ......... 7

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                          <u>PAGES</u>

<u>Advanced Conservation Sys. Inc. v. Long Island Lighting Co.</u>, 934 F.Supp. 53, 54
(E.D.N.Y. 1996)………………………………………………………………..3

<u>Anthony v. Cach, LLC</u>,  2013 U.S. Dist. LEXIS 34442 (S.D. Ill. 2013)………………………5

<u>Anthony v. Cach, LLC</u>, 2013 U.S. Dist. LEXIS 34980 (C.D. Cal. 2013)………………………5

<u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1940, 1949 (2009)……………………………………3, 9

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)……………………………………..3

<u>Braun v. Client Services, Inc.</u>, 7:12-cv-05256 (S.D.N.Y. 2012)……………………………6

<u>Braun v. Encore Receivable Management, Inc.</u>, 1:12-cv-04384 (S.D.N.Y. 2012)……………5

<u>Braun v. NCO Fin. Sys., Inc.</u>, 7:12-cv-08927 (S.D.N.Y. 2012)……………………………6

<u>Davis v. Leavitt</u>, 2013 U.S. Dist. LEXIS 39939 (N.D. Tex. 2013)…………………………6

<u>Edge v. Professional Claims Bureau</u>, 64 F.Supp. 2d 115, 118 (E.D.N.Y. 1999), aff'd, 234 F.3d
1261 (2d Cir. 2000)……………………………………………………………..4

<u>Etefia v. Russell Collection Agency, Inc.</u>, 20 Fed. Appx. 485 (6th Cir. 2001)…………………4

<u>Farkash v. RJM Acquisition Funding, Inc.</u>, 7:12-cv-00735 (S.D.N.Y. 2012)…………………7

<u>Geer v. Medallion Homes Ltd. P'ship</u>, No. 04-CV-71294, 2005 U.S. Dist. LEXIS 25948
(E.D. Mich. Oct. 20, 2005)………………………………………………………..5

<u>Huertas v. Galaxy Asset Management</u>, 641 F.3d 28 (3rd Cir. 2011)……………………………4

<u>Iqbal</u>, 556 U.S. 662 (2009)………………………………………………………………7

<u>Kennedy v. Chase Manhattan Bank United States, NA</u>, 369 F.3d 833, 842 (5th Cir. 2004)………3

<u>Korotki v. Attorney Services Corp., Inc.</u>, 931 F.Supp. 1269, 1276 (D. Md. 1996)………………3

<u>Korotki v. Thomas, Ronald & Cooper, P.A.</u>, 1997 U.S. App. LEXIS 34157 (4th Cir. 1997)……..4

<u>Perl v. American Express</u>, No. 11-cv-7374, 2012 WL 178333 (S.D.N.Y. Jan. 19, 2012)………..7

<u>Pinson v. Monarch Recovery Mgmt.</u>, 2013 U.S. Dist. LEXIS 33971 (S.D. Fla. 2013)…………..5

Stonehart v. Rosenthal, 2001 U.S. Dist. LEXIS 11566 (S.D.N.Y. 2001)…………………………..5

Tilmon v. LVNV Funding, LLC., 2013 U.S. Dist. LEXIS 34442 (S.D. Ill. 2013)………………5

Twombley, 550 U.S. 570b (2001)……………………………………………………………...7

Zeller v. Samia, 758 F.Supp. 775, 781-82 (D. Mass. 1991)…………………………………….3

## STATUTES

15 U.S.C. § 1681……………………………………………………………………………...1

15 U.S.C. 1681b(a)………………………………………………………………………….3

15 U.S.C. § 1681b(a)(3)(A)……………………………………………………………..1, 4, 5

Fed.R.Civ.P. 8(a)(2)………………………………………………………………………..2

Fed.R.Civ.P. 12(b)(6)…………………………………………………………………...2, 5

## I.      INTRODUCTION

Before the Court is a frivolous lawsuit by a serial FCRA plaintiff, acting *pro se,* seeking to advance a claim that is plainly contradicted by the statute under which he seeks to recover.   In his Amended Complaint, Plaintiff Ahron Braun ("Plaintiff") alleges that Defendant United Recovery System, Inc. ("URS"), a debt collector, accessed Plaintiff's credit report without a permissible purpose in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").   However, § 1681b(a)(3)(A) unquestionably allows a debt collector to access a consumer's report in furtherance of its collection activity.   Therefore, the theory of liability advanced by Plaintiff has repeatedly and unanimously been rejected by courts within the Second Circuit and nationwide.    Furthermore, the Plaintiff has failed to plead a factual basis for his position that any "impermissible" access of his credit report by URS was negligent or willful.  Therefore, as a matter of clear law, Plaintiff's FCRA claims must be dismissed with prejudice.

## II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff is a resident of Orange County, New York, with a history of filing *pro se* lawsuits under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").[1]   At all relevant times, Plaintiff owed a valid and delinquent debt to Citibank, N.A. ("Citibank").   URS was retained to recover a delinquent debt obligation owed by Plaintiff to Citibank.[2]   The subject debt was incurred as a result of a credit

---

[1] See Braun v. Encore Receivable Management, Inc., 1:12-cv-04384 (S.D.N.Y. 2012); See Braun v. Client Services, Inc., 7:12-cv-05256 (S.D.N.Y. 2012); See Braun v. NCO Fin. Sys., Inc., 7:12-cv-08927 (S.D.N.Y. 2012).
[2] As we are still in the pleading stage, it would be inappropriate to attach exhibits establishing that URS is a debt collector.  However, URS is a well known collection agency, whose information and history is a matter of public record.   Information about the company can be found www.unitedrecoverysystems.com/, and its litigation history can be acquired on PACER.  Accordingly,

transaction between Plaintiff and Citibank.  URS was acting as a third-party debt collector with respect to the Citibank debt when it accessed Plaintiff's credit reports. On March 14, 2011, URS accessed Plaintiff's credit report in furtherance of its debt collection activity of Plaintiff's delinquent account.  See Exhibit "A" to Plaintiff's Amended Complaint.

On June 12, 2012, Plaintiff filed suit against URS alleging that URS violated § 1681b of the FCRA.  See Docket Entry 2.  Specifically, Plaintiff asserts that he never contracted with URS, and therefore that URS must have accessed his credit report for impermissible purposes.  See Id.  On August 7, 2013, Judge Preska filed an Order to Amend.  See Docket Entry 4.   On August 30, 2012 Plaintiff filed an Amended Complaint, setting forth the same position, at greater length.  See Docket Entry 6. On February 28, 2013, upon written request by URS, this Honorable Court granted URS' Request to File a Motion to Dismiss Plaintiff's Complaint.  See Docket Entry 17. URS now moves this Court to dismiss Plaintiff's claims with prejudice pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.

## III.   ARGUMENT

### A.   LEGAL STANDARD FOR A MOTION TO DISMISS

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint.  To state a claim, the allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While detailed factual allegations are not required, a plaintiff must provide enough factual support to raise his right to relief above a speculative level.

---

URS respectfully requests that the Honorable Court take judicial notice as to the fact that URS is a debt collector.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice;" rather, a claim must provide sufficient factual matter "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 669 (2009) (citing Twombly, 550 U.S. at 570).

**B.     AS COLLECTION OF A DEBT IS A PERMISSABLE PURPOSE TO ACCESS A CONSUMER'S CREDIT REPORT, URS HAD A PERMISSIBLE PURPOSE TO ACCESS PLAINTIFF'S CREDIT HISTORY.**

Plaintiff asserts that URS is liable under Section 1681b(f) of the FCRA by obtaining his consumer report without a permissible purpose. See Docket Entry 6, ¶ 26. To prove an FCRA violation under this section, a consumer must show that the user had an impermissible purpose in obtaining the credit report. See Kennedy v. Chase Manhattan Bank United States, NA, 369 F.3d 833, 842 (5th Cir. 2004); see also, Korotki v. Attorney Services Corp. Inc., 931 F.Supp. 1269, 1276 (D. Md. 1996). Conversely, a showing of a permissible purpose is a complete defense. See Advanced Conservation Sys. Inc. v. Long Island Lighting Co., 934 F.Supp. 53, 54 (E.D.N.Y. 1996). The question of whether a party had a permissible purpose to access a consumer's credit history, is a legal one. See Zeller v. Samia, 758 F.Supp. 775, 781-82 (D. Mass. 1991).

Section 1681b(a) of the FCRA provides the permissible purposes by which a consumer reporting agency may furnish a consumer report. I5 U.S.C. 1681b(a). One such permissible purpose is when the information is intended to be used to assist in the collection of an account:

(3)     To a person which has reason to believe –

3

> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer. 15 U.S.C. § 1681b(a)(3)(A) (emphasis added).

Plaintiff's entire claim of liability under the FCRA plainly fails as a matter of law.  Courts have been unanimous and clear that referral of an account by a creditor for collection is a permissible purpose for a debt collection agency to obtain a consumer report under § 1681b(a)(3)(A of the FCRA.  See Edge v. Professional Claims Bureau, 64 F. Supp. 2d 115, 118 (E.D.N.Y. 1999), aff'd, 234 F.3d 1261 (2d Cir. 2000) ("The referral of that debt gave [the collection agency] a permissible purpose for obtaining the credit information.")  Even if the debt sought by URS was invalid (which is not the case, as the debt was in fact due and owing), URS accessed the report for legitimate collection purposes.  In a 2011 decision pertaining to the same issue, the District of Minnesota put the matter succinctly:

> Every time Defendant obtained the consumer reports, it provided the credit reporting agency only with the information of the Debtor Mary Miller. Furthermore, every time Defendant pulled the consumer reports it intended to obtain and use them in an effort to collect on the debts owed by Mary Miller. In this circumstance, Defendant had a reason to believe that pulling the consumer reports in question would aid it in its debt collection efforts in relation to the [] Accounts.  Miller v. Rubin & Rothman, LLC, at 10-11 (D. Minn. 2011).

See also., Huertas v. Galaxy Asset Management; 641 F.3d 28 (3rd Cir. 2011); Korotki v. Thomas, Ronald & Cooper, P.A., 1997 U.S. App. LEXIS 34157 (4th Cir. 1997) (obtaining a consumer report for use in collecting an account owed by the consumer is a permissible purpose); Etefia v. Russell Collection Agency, Inc., 20 Fed. Appx. 485 (6th Cir. 2001) (holding that requesting a credit report "to review the collection of an

4

account of a consumer" is authorized under the FCRA); <u>See</u> <u>Pinson v. Monarch</u> <u>Recovery Mgmt.</u>, 2013 U.S. Dist. LEXIS 33971 (S.D. Fla. 2013)) (so long as debt collector believes a consumer to owe a debt, access of his credit report is lawful); <u>Geer</u> <u>v. Medallion Homes Ltd. P'ship</u>, No. 04-CV-71294, 2005 U.S. Dist. LEXIS 25948 (E.D. Mich. Oct. 20, 2005) (holding that "[s]ection 1681b(a)(3)(A) is interpreted to allow access to a consumer report when that access would . . . facilitate the collection of pre-existing debt.")  The case <u>Stonehart v. Rosenthal</u>, 2001 U.S. Dist. LEXIS 11566 (S.D.N.Y. 2001) also dealt with this issue:

> The referral of Stonehart's debt for collection gave Rosenthal a permissible purpose for obtaining her credit report pursuant to section 1681b... Thus, Rosenthal had a permissible purpose under section 1681b(3)(A).  <u>Stonehart,</u> 2001 U.S. Dist. LEXIS 11566 (S.D.N.Y. 2001).

When it is apparent from the pleadings that a defendant in a 1681b claim is a debt collector, dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is appropriate.   <u>See</u> <u>Tilmon v. LVNV Funding, LLC</u>, 2013 U.S. Dist. LEXIS 34442 (S.D. Ill. 2013) (granting a motion to dismiss a 1681b claim against a debt collector for "impermissibly" accessing a debtor's credit report).   Simply alleging that one never "contracted" with a debt collector is not sufficient to defeat a motion to dismiss a 1681b claim. <u>Anthony v. Cach, LLC</u>, 2013 U.S. Dist. LEXIS 34980 (C.D. Cal. 2013).

Plaintiff is not naïve as to why URS accessed his credit report.  He has three other identical FCRA cases before this Honorable Court, with the same frivolous allegation - that the debt collector accessed Plaintiff's credit report for an "impermissible purpose".  <u>See</u> <u>Braun v. Encore Receivable Management, Inc.</u>, 1:12-cv-04384 (S.D.N.Y. 2012); <u>See</u> <u>Braun v. Client Services, Inc.</u>, 7:12-cv-05256

(S.D.N.Y. 2012); <u>See</u> <u>Braun v. NCO Fin. Sys., Inc.</u>, 7:12-cv-08927 (S.D.N.Y. 2012).

Courts have grown increasingly savvy as to debtors such as Plaintiff, who attempt to

use the FCRA to turn financial liabilities into cash payments.  <u>See Davis v. Leavitt</u>,

2013 U.S. Dist. LEXIS 39939 (N.D. Tex. 2013).  In <u>Davis</u>, the court sanctioned a *pro*

*se* plaintiff who filed numerous lawsuits against debt collectors for viewing his credit

report.   The plaintiff in <u>Davis</u> did so with the calculation that defendants would

rather pay $1,000 up front, than litigate a case to verdict at a significantly higher

price tag. <u>See</u> <u>Id</u>. The court ordered that the plaintiff pay the defendant's attorneys'

fees, holding:

> Plaintiff developed a practice of threatening to file lawsuits
> similar to the above-captioned action for the purpose of, in
> effect, extorting money by those threats from the proposed
> defendants. Plaintiff had been successful in obtaining at
> least three payments of $1,000.00 or more from activities on
> other occasions similar to the activities in which he engaged
> in connection with the above-captioned action and the
> events leading up to it.  <u>Davis,</u> at 4-5 (N.D. Tex. 2013).
>
> .....................................................
>
> Plaintiff's history of threatening to file and of filing lawsuits
> similar to the above-captioned action causes the court to
> have concern that, if not enjoined from doing so, plaintiff will
> continue that practice.  <u>Davis</u>, at 5.

In this matter, URS was assigned to collect a debt by Citibank, and accessed

Plaintiff's credit history in order to do so.   As this is a permissible purpose, and

Plaintiff is surely aware of this, Plaintiff's Amended Complaint must be dismissed,

with prejudice.

## C.   PLAINTIFF HAS FAILED TO PLEAD FACTS IN SUPPORT OF HIS ASSERTION THAT URS WAS WILLFULL OR NEGLIGENT WHEN IT ACCESSED PLAINTIFF'S CREDIT REPORT.

As stated above, at all times, URS had a permissible purpose to access Plaintiff's credit report.  However, assuming *arguendo*, that it did not, Plaintiff has still failed to state a claim upon which relief can be granted, as he did not set forth any facts in support of his claim that URS' "impermissible" access of Plaintiff's credit report was willful or negligent.  See Farkash v. RJM Acquisition Funding, Inc., 7:12-cv-00735 (S.D.N.Y. 2012) (dismissing § 1681b claims because the plaintiff failed to allege any facts supporting the position that the defendants either knew that had no permissible purpose to access the plaintiff's credit report, or recklessly disregarded their obligation to have such a purpose); See also Perl v. American Express, No. 11-cv-7374, 2012 WL 178333 (S.D.N.Y. Jan. 19, 2012) (plaintiff must allege *specific facts* to establish the state of mind element of a § 1681b claim).

In his Amended Complaint, Plaintiff frivolously alleges that URS never conducted business with Plaintiff, and therefore did not have a permissible purpose to access his credit report.  However, nowhere in the Amended Complaint does Plaintiff provide any basis for his assertion that URS "acted willfully, intentionally, recklessly and/or negligently".  Accordingly, Plaintiff has simply set forth barebones, conclusory allegations, insufficient to meet the requirements set forth in Twombley 550 U.S. 570 (2007) and Iqbal, 556 U.S. 662 (2009) to plead a claim under Fed.R.Civ.P. 12(b)(6).  As such, Plaintiff's Amended Complaint must be dismissed.

## IV.   CONCLUSION

As URS was acting as a debt collector for Citibank, Plaintiff's claims against URS under 15 U.S.C. § 1681b(f) clearly have no merit.  Furthermore, Plaintiff has failed to

allege facts to support his position that URS acted willfully or negligently. Accordingly, URS moves this Honorable Court to Grant its Motion to Dismiss Plaintiff's Amended Complaint with prejudice.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By: _____/s/_____
R. David Lane Jr. (RD 2435)
Attorneys for Defendant
United Recovery Systems, L.P.
88 Pine Street, 21st Floor
New York, New York 10005-1801
(212) 376-6413

Dated: New York, New York
        April 1, 2013