UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AHRON BRAUN,

              Plaintiff,

     -v-

UNITED RECOVERY SYSTEMS, LP,

             Defendant.

Case No. 12-CV-04687 (KMK)

OPINION AND ORDER

Appearances:

Ahron Braun
Monroe, NY
*Pro Se Plaintiff*

Richard David Lane, Esq.
Marshall Dennehey Warner Coleman & Goggin
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

Plaintiff Ahron Braun ("Braun"), proceeding pro se, brings this Action against Defendant

United Recovery Systems, LP ("URS"), alleging that Defendant impermissibly accessed his

credit report in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*

Defendant moves to dismiss Plaintiff's First Amended Complaint. For the following reasons,

Defendant's Motion to Dismiss is granted in part and denied in part.

I. Background

A. Factual Background

The following facts are taken from Plaintiff's Amended Complaint. For the purposes of

Defendant's Motion, the Court must accept as true all allegations contained therein. At some

point, Plaintiff "received his Experian consumer credit report." (Am. Compl. ¶ 7.) "Experian is a credit reporting agency." (*Id.* ¶ 18.) Within his Experian credit report, Plaintiff "found entries by an entity" with which "he was unfamiliar . . . ." (*Id.* ¶ 7.) "Plaintiff discovered after examination of his Experian credit report that Defendant had obtained [it] on March 14, 2011." (*Id.* ¶ 8; *see also* Pl.'s Ex. A.) Following this discovery, Plaintiff sent a letter to Defendant, requesting "proof as [to] what permissible purpose [Defendant] may have had in obtaining . . . Plaintiff's credit report," and in the absence of such proof, that "the inquiries on Plaintiff's credit report . . . be removed . . . ." (Am. Compl. ¶ 9; *see also* Pl.'s Ex. B.) Plaintiff also "informed [Defendant] that Plaintiff never incurred any financial obligation with [Defendant]." (Am. Compl. ¶ 9; *see also* Pl.'s Ex. B.)

However, "Defendant failed to respond with any reason as to why, and where, [Defendant] may have had [a] permissible purpose to obtain . . . Plaintiff's consumer credit report." (Am. Compl. ¶ 10.) Following Defendant's failure to respond, Plaintiff "mailed a dispute letter to Experian," not named as a defendant in this Action, in which Plaintiff "informed [Experian] that Plaintiff never gave permission for . . . Defendant to obtain his credit reports and requested that Experian should verify and remove the erroneous inquiries from his credit file." (*Id.* ¶ 11; *see also* Pl.'s Ex. C.) However, like Defendant, Experian also "failed to respond as to what permissible purpose . . . Defendant may have had to obtain Plaintiff's credit report." (Am. Compl. ¶ 12.) Plaintiff then "mailed a Notice of Pending Lawsuit to Defendant" on or about May 22, 2012, in "an effort to mitigate damages and reach a settlement" for what Plaintiff characterizes as Defendant's violation of the FCRA. (*Id.* ¶ 13; *see also* Pl.'s Ex. D.) Plaintiff also sent Defendant this notice so that Defendant would "cease violating Federal and State law at

Plaintiff's expense" before Plaintiff took "civil action against" it.  (Am. Compl. ¶ 13; *see also*

Pl.'s Ex. D.)  But "Defendant still failed to respond to Plaintiff's Notice."  (Am. Compl. ¶ 14.)

Plaintiff alleges that he "has never had any signed contracts, business dealings, or any

accounts with, made application for credit from, made application for employment with, applied

for insurance from, or received a bona fide firm offer of credit from . . . Defendant," and that he

further "did not owe any debt, was not named as an 'authorized user' on any account, [and] did

not appl[y] for any license or other benefit" that could have provided Defendant with a

permissible purpose to obtain his credit report.  (*Id.* ¶ 22.)  Plaintiff emphasizes that Defendant

lacked a permissible purpose to access his credit report because "there was no account and/or

debt which gave it a permissible purpose to legitimately obtain" it.  (*Id.* ¶ 23; *see also id.* ¶ 34

("There was no account that . . . Defendant had any right to collect to have had permissible

purpose to obtain Plaintiff's credit report . . . .").)  As a result of Defendant's alleged actions,

Plaintiff claims that he has "suffered damage by loss of credit, loss of the ability to purchase and

benefit from credit, and lowering of credit lines, and having to pay higher auto insurance

premiums."  (*Id.* ¶ 27.)

B.  Procedural Background

On June 12, 2012, Plaintiff filed a Complaint against Defendant.  (*See* Dkt. No. 2.)  On

August 7, 2012, Chief Judge Loretta A. Preska, to whom this case was originally assigned,

directed Plaintiff to file an Amended Complaint.  (*See* Dkt. No. 4.)  On August 30, 2012,

Plaintiff filed an Amended Complaint.  (*See* Dkt. No. 6.)  In his Amended Complaint, Plaintiff

claims that "Defendant willfully, intentionally, recklessly, and/or negligently violated the

provisions of the FCRA by using false pretenses or knowingly in obtaining . . . Plaintiff's

consumer credit report without a permissible purpose in violation of FCRA, 15 U.S.C. §

1681b(f)," (Am. Compl. ¶ 26); that "[w]ith no permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and reckless action rendering [Defendant] liable for actual, statutory, and even punitive damages [in] an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n(a)," (*id.* ¶ 28); that "[i]n the alternative, Defendant's conduct was negligent entitling Plaintiff to recover under 15 U.S.C. § 1681o," (*id.* ¶ 29); that "[t]he action of Defendant obtaining the consumer credit report of . . . Plaintiff with no permissible purpose or Plaintiff's consent, was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy," (*id.* ¶ 30); and that "Defendant had a duty under 15 U.S.C. § 1681s2(b) [sic] to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so," (*id.* ¶ 32).  On October 24, 2012, the Action was reassigned to this Court.  (*See* Dkt. No. 8.)  On April 1, 2013, Defendant filed its Motion to Dismiss, (*see* Dkt. Nos. 18–20), followed by Plaintiff's Response on April 30, 2013, (*see* Dkt. Nos. 21–22), and Defendant's Reply on May 14, 2013, (*see* Dkt. No. 23).

## II.  Discussion

### A.  Standard of Review

#### 1.  Rule 12(b)(6)

Defendant moves to dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations, internal quotation marks, and alterations omitted).  Indeed, Rule 8 of the

4

Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and alterations omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.; see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *see also Nielsen v. Rabin*, — F.3d —, 2014 WL 552805, at *2 (2d Cir. Feb. 13, 2014) ("In addressing the sufficiency of a complaint we accept as true all factual allegations . . . ."); *Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013) ("In reviewing a

dismissal pursuant to Rule 12(b)(6), we . . . accept all factual allegations in the complaint as

true . . . ."  (internal quotation marks and alterations omitted)).  Further, "[f]or the purpose of

resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the

plaintiff."  *Daniel v. T&M Prot. Res., Inc.*, — F. Supp. 2d —, 2014 WL 182341, at *1 n.1

(S.D.N.Y. Jan. 16, 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).

Additionally, "[i]n ruling on a 12(b)(6) motion, . . . a court may consider the complaint[,] . . . any

written instrument attached to the complaint as an exhibit[,] or any statements or documents

incorporated in it by reference," as well as "matters of which judicial notice may be taken, and

documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in

bringing suit."  *Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742

F.3d 42, 44 n.1 (2d Cir. 2014) (citation, internal quotation marks, and some alterations omitted);

*see also Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) ("In adjudicating

a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face

of the complaint, in documents appended to the complaint or incorporated in the complaint by

reference, and to matters of which judicial notice may be taken." (internal quotation marks

omitted)); *Hendrix v. City of New York*, No. 12-CV-5011, 2013 WL 6835168, at *2 (E.D.N.Y.

Dec. 20, 2013) (same).

    Rule 201 of the Federal Rules of Evidence provides that a court may judicially notice a

fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial

court's territorial jurisdiction; or (2) can be accurately and readily determined from sources

whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see also Haywood v.

St. Michael's Coll.*, No. 12-CV-164, 2012 WL 6552361, at *4 n.7 (D. Vt. Dec. 14, 2012) ("On

fact questions the court should not use the doctrine of judicial notice to go outside the record

unless the facts are matters of common knowledge or are capable of certain verification."
(internal quotation marks omitted) (quoting *Alvary v. United States*, 302 F.2d 790, 794 (2d Cir.
1962)), *aff'd*, 536 F. App'x 123 (2d Cir. 2013).  "[B]ecause the effect of judicial notice is to
deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to
attack contrary evidence, caution must be used in determining that a fact is beyond controversy
under Rule 201(b)." *Canadian St. Regis Bank of Mohawk Indians v. New York*, Nos.
82-CV-783, 82-CV-1114, 89-CV-829, 2013 WL 3992830, at *12 (N.D.N.Y. July 23, 2013)
(internal quotation marks omitted) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy
Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).  "[T]he tradition has been one of
caution . . . .  [It] appears to be soundly based, and no reason to depart from it is apparent." *Id.*
(internal quotation marks omitted) (quoting Fed. R. Evid. 201 advisory committee's note).
Accordingly, "[j]udicial notice of a disputed fact should not ordinarily be taken as the basis for
dismissal of a complaint on its face." *Oneida Indian Nation of N.Y. v. New York*, 691 F.2d 1070,
1086 (2d Cir. 1982); *see also Caidor v. M&T Bank*, No. 05-CV-297, 2006 WL 839547, at *5
n.12 (N.D.N.Y. Mar. 27, 2006) ("[T]he Court cannot take judicial notice of the facts contained in
these documents because Plaintiff states that the affidavit is false, and a court may not take
judicial notice of the truth of disputed factual matter.").  However, "if a party requests it and the
court is supplied with the necessary information," "the court *must* take judicial notice . . . ." Fed.
R. Evid. 201(c)(2) (emphasis added).

        Because Plaintiff proceeds pro se, the Court must "construe[] [his complaint] liberally
and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*,
723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted).  However, "the liberal
treatment afforded to pro se litigants does not exempt a pro se party from compliance with

relevant rules of procedural and substantive law." *Bell v. Jendell*, — F. Supp. 2d —, 2013 WL 5863561, at *2 (S.D.N.Y. Oct. 31, 2013) (internal quotation marks omitted); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (internal quotation marks omitted)).

### 2.  Fair Credit Reporting Act

"The FCRA creates a private right of action against credit reporting agencies for the negligent or willful violation of any duty imposed under the statute." *Neclerio v. Trans Union, LLC*, No. 11-CV-1317, 2013 WL 6052067, at *5 (D. Conn. Nov. 15, 2013) (internal quotation marks and alterations omitted) (quoting *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995).  However, because "even consumer reporting agencies acting in complete good faith cannot prohibit illicit use of consumer information if users are not bound to obtain consumer reports only for permissible purposes," "the FCRA also extends to the conduct of parties who *request* credit information." *Stonehart v. Rosenthal*, No. 01-CV-651, 2001 WL 910771, at *3 (S.D.N.Y. Aug. 13, 2001) (internal quotation marks and alterations omitted); *see also Advanced Conservation Sys. Inc. v. Long Island Lighting Co.*, 934 F. Supp. 53, 54 (E.D.N.Y. 1996) ("Although the bulk of the FCRA regulatory mechanisms monitor the conduct of credit reporting agencies, the provision invoked in the instant case is one designed to check the conduct of parties requesting credit information from credit reporting agencies."), *aff'd*, 113 F.3d 1229 (2d Cir. 1997).

In his Amended Complaint, Plaintiff references 15 U.S.C. §§ 1681b, 1681b(f), 1681n(a), and 1681o.  (*See* Am. Compl. ¶¶ 26, 28, 29, 30.)  Section 1681b generally specifies the circumstances under which a consumer report may be furnished and used.  *See* 15 U.S.C.

§ 1681b.  Section 1681b(f) prohibits a person from using or obtaining a consumer report for any purpose unless "(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification."  *See id.* § 1681b(f).  Section 1681n(a) specifies the damages for which "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer," *id.* § 1681n(a), while Section 1681o specifies the same for a person's negligent failure to comply, *see id.* § 1681o(a).  In other words, construing Plaintiff's allegations liberally, Plaintiff's Amended Complaint can be read as alleging Defendant's willful, or, in the alternative, negligent, violation of Section 1681b(f).[1]

---

[1] In his Amended Complaint, Plaintiff also makes reference to 15 U.S.C. § 1681s-2(b), writing that Defendant "had a duty under 15 U.S.C. § 1681s2(b) [sic] to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so."  (Am. Compl. ¶ 32.)  However, this statement is incorrect as a matter of law.  Section 1681s-2(b) relates to "[d]uties of furnishers of information *upon notice of dispute*," 15 U.S.C. § 1681s-2(b) (emphasis added), and therefore cannot have imposed a duty upon Defendant at the time Defendant accessed Plaintiff's credit information, which was before Plaintiff notified Defendant that there was "a dispute with regard to the completeness or accuracy of any information provided by [Defendant] to a consumer reporting agency," *id.* § 1681s-2(b)(1).  *See LaCourte v. JP Morgan Chase & Co.*, No. 12-CV-9453, 2013 WL 4830935, at *9 (S.D.N.Y. Sept. 4, 2013) ("[S]ection[] 1681s-2(b) . . . [does] provide for a private right of action against entities that furnish information to credit reporting agencies, but only if the furnisher fails to take appropriate action *after* receiving notice of a dispute with regard to the completeness or accuracy of any information provided to a consumer reporting agency." (emphasis added) (internal quotation marks and alterations omitted)); *Crawford v. Duncan*, No. 11-CV-3774, 2013 WL 1346382, at *3 (E.D.N.Y. Apr. 3, 2013) ("Filing a dispute *triggers a duty* on the part of the furnisher to reasonably investigate and verify that the information is accurate." (emphasis added) (internal quotation marks omitted)).  As such, the Court does not construe Plaintiff's Amended Complaint to assert a cause of action under 15 U.S.C. § 1681s-2(b).  To the extent that Plaintiff seeks to assert such a cause of action, he should make that clear in any subsequent version of his Complaint that he may file.

"To state a claim for civil liability based on Section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent." *Perl v. Am. Express*, Nos. 12-CV-4380, 12-CV-4796, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012) (citations omitted); *see also Betz v. Matte*, No. 12-CV-5946, 2013 WL 5603846, at *2 (E.D.N.Y. Oct. 10, 2013) (same); *King v. Equable Ascent Fin., LLC*, No. 12-CV-443, 2013 WL 2474377, at *2 (M.D.N.C. June 10, 2013) ("[T]o state a claim for willful or negligent acquisition of a credit report under the FCRA, a plaintiff must allege facts showing each of the following: (i) there was a consumer report; (ii) the defendants used or obtained it; (iii) the defendants did so without a permissible statutory purpose, and (iv) the defendants acted with the specified culpable mental state." (internal quotation marks omitted)); *Perez v. Portfolio Recovery Assocs., LLC*, No. 12-CV-1603, 2012 WL 5373448, at *2 (D.P.R. Oct. 30, 2012) ("To survive Defendant's Motion to Dismiss, the complaint must aver sufficient facts to establish to a plausible degree that Defendant obtained the credit reports for an impermissible purpose, and that their conduct was either willful or negligent."); *Farkash v. RJM Acquisitions Funding, Inc.*, Nos. 12-CV-735 et al., 2012 WL 1948643, at *2 (S.D.N.Y. May 29, 2012) ("To state a claim for civil liability based on Section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent." (citations omitted)); *Perl v. Plains Commerce Bank*, No. 11-CV-7972, 2012 WL 760401, at *2 (S.D.N.Y. Mar. 8, 2012) (same); *Perl v. Am. Express*, No. 11-CV-7374, 2012 WL 178333, at *2 (S.D.N.Y. Jan. 19, 2012) (same); *cf. Pietrafesa v. First Am. Real Estate Info. Servs., Inc.*, No. 05-CV-1450, 2007 WL 710197, at *3 (N.D.N.Y. Mar. 6, 2007) ("The fact that a consumer report is furnished for an impermissible purpose does not result in automatic liability.  Liability is imposed only

when the consumer reporting agency either willfully or negligently fails to maintain reasonable procedures to avoid violations of, i.e., § 1681 b [sic]." (internal quotation marks and alterations omitted)).

In regard to a plaintiff's obligation to allege that a defendant obtained the plaintiff's credit report for an impermissible purpose, one of the permissible purposes for which a consumer reporting agency may furnish a consumer report is when the person requesting such a report is a person whom the consumer reporting agency "has reason to believe . . . intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account of*, the consumer . . . ." *See* 15 U.S.C. § 1681b(a)(3)(A) (emphasis added). Citing to this provision, numerous courts have held that the "review or collection of an account" includes a debt collector's attempt to collect a debt. *See, e.g.*, *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, No. 08-CV-4207, 2012 WL 1038804, at *5 (E.D.N.Y. Mar. 28, 2012) ("[O]btaining information in order to collect debt is a permissible purpose . . . ."); *Weitz v. Wagner*, No. 07-CV-1106, 2009 WL 4280284, at *4 (E.D.N.Y. Nov. 24, 2009) ("[The defendant's] purpose for accessing [the plaintiff's] credit report was permissible under § 1681b(a)(3)(A). . . . [The plaintiff] owed an outstanding debt to [the defendant] and [the] defendant accessed plaintiff's credit report to ascertain the precise amount plaintiff owed her so that the debt could thereafter be collected."); *Stonehart*, 2001 WL 910771, at *4 ("The referral of [the plaintiff's] debt for collection gave [the defendant debt collector] a permissible purpose for obtaining her credit report pursuant to section 1681b. Thus, [the defendant debt collector] had a permissible purpose under section [1681b(a)(3)(A)]." (citation omitted)); *Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 118 (E.D.N.Y. 1999) ("At the time that [the defendant debt

11

collector accessed the plaintiff's credit report], it had been referred a debt for collection, guaranteed by Plaintiff, from [a third party] . . . .  This is a clearly permissible purpose under Section [1681(a)(3)(A)].  The existence of this permissible purpose constitutes a complete defense . . . ."), *aff'd*, 234 F.3d 1261 (2d Cir. 2000).

In regard to a plaintiff's obligation to allege that a defendant's violation was willful or negligent, various courts have held that, in order to survive a motion to dismiss, the plaintiff's complaint must allege specific facts as to the defendant's mental state when the defendant accessed the plaintiff's credit report.  Merely stating that the violation was "willful" or "negligent" is insufficient.  *Perl*, 2012 WL 2711270, at *2 ("While [the plaintiff] asserts that each Defendant's FCRA violation was willful, he does so in a conclusory manner in both of the complaints. . . .  [The plaintiff] has failed to allege any facts related to Defendants' state of mind when they allegedly obtained his credit reports."); *Tauro v. Asset Acceptance*, No. 12-CV-418, 2012 WL 2359954, at *5 (W.D. Pa. June 20, 2012) ("[T]he Plaintiff has not averred any facts from which the Court can infer that the Defendants knew, or should have known, that they did not intend to use the Plaintiff's credit report for a permissible purpose under the FCRA, all of which Plaintiff must do with provable facts in order to state a claim."); *Farkash*, 2012 WL 1948643, at *2–3 ("[The plaintiff] fails adequately to allege willfulness or negligence.  While [the plaintiff] asserts that each Defendant's FCRA violation was willful, he does so in a conclusory manner . . . ."); *Perl*, 2012 WL 178333, at *2 ("While the plaintiffs assert that each defendant's FCRA violation was willful, they do so in a conclusory manner . . . ."); *Huertas v. U.S. Dep't of Educ.*, No. 08-CV-3959, 2009 WL 3165442, at *9 (D.N.J. Sept. 28, 2009) ("[A] plaintiff must allege, with sufficient factual support, that the defendant willfully obtained the plaintiff's credit report without having a purpose to review or collect on a debt.  In other words,

the complaint must allege facts sufficient to demonstrate that the defendant should have known either that it did not intend to use the credit report in connection with a credit transaction involving the plaintiff or involving the collection of an account of the plaintiff . . . ." (citations, internal quotation marks, and alterations omitted)); *cf. King v. MTA Bridges & Tunnels*, 933 F. Supp. 220, 225 (E.D.N.Y. 1996) ("Even accepting that [the requesting defendant's] request . . . was . . . not for [a permissible purpose] within the meaning of [the] FCRA, . . . plaintiff has alleged nothing of even a conclusory nature to suggest that any of the [furnishing defendants] had knowledge that [the requesting defendant's] request was made under 'false pretenses' so that any failure to comply with [the] FCRA was willful.")

B.  Analysis

In its Memorandum of Law, Defendant argues that Plaintiff's Amended Complaint should be dismissed for two independent reasons: first, because "[i]n this matter, [Defendant] was assigned to collect a debt by Citibank, and accessed Plaintiff's credit history in order to do so," which means that Defendant had a "permissible purpose" for accessing Plaintiff's credit history, (*see* Def.'s Mem. of Law in Supp. of Its Mot. to Dismiss Pl.'s First Am. Compl. ("Def.'s Mem.") 6); and second, because Plaintiff "did not set forth any facts in support of his claim that [Defendant's] 'impermissible' access of [his] credit report was willful or negligent," having "simply set forth barebones, conclusory allegations, insufficient to meet the requirements . . . to plead a claim under" Rule 12(b)(6) of the Federal Rules of Civil Procedure, (*see id.* at 7).  The Court will address each of these arguments in turn.

1.  Permissible Purpose

The first basis upon which Defendant argues that Plaintiff's Amended Complaint should be dismissed is that Defendant "was assigned to collect a debt by Citibank, and accessed

Plaintiff's credit history in order to do so." (Def.'s Mem. 6.) According to Defendant, "[a]s collection of a debt is a permissable [sic] purpose to access a consumer's credit report, [Defendant] had a permissible purpose to access Plaintiff's credit history." (Def.'s Mem. 3.) To substantiate this claim, Defendant submitted a declaration in support of its Motion to Dismiss, in which Defendant's counsel declares that "[a]t all relevant times, [Defendant], a debt collector, was assigned Plaintiff's account for collection, by Citibank, N.A.," and that "[i]n furtherance of its collection activity, in or around May of 2011, [Defendant] accessed Plaintiff's credit information." (Def.'s Decl. in Supp. of Its Mot. to Dismiss Pl.'s First Am. Compl. ("Def.'s Decl.") ¶¶ 4, 5.) Defendant also asks the Court to take judicial notice that Defendant is a debt collector. (*See* Def.'s Reply Mem. of Law in Supp. of Its Mot. to Dismiss Pl.'s First Am. Compl. ("Def.'s Reply Mem.") 2–3 ("The Court may take judicial notice that [Defendant] is a debt collector . . . . It is well known that [Defendant] is a debt collector. This information can be established simply by looking at its history on PACER, or viewing its website.").

As noted above, "[i]n ruling on a 12(b)(6) motion, . . . a court may consider the complaint[,] . . . any written instrument attached to the complaint as an exhibit[,] or any statements or documents incorporated in it by reference," as well as "matters of which judicial notice may be taken, and documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Kalyanaram*, 742 F.3d at 44 n.1 (citation, internal quotation marks, and alterations omitted). Here, Plaintiff does not reference Defendant's status as a debt collector, or that Defendant was assigned to collect a debt by Citibank and accessed Plaintiff's credit history in order to do so, anywhere in his Amended Complaint, or in the exhibits attached thereto. Therefore, the only reason why the Court would be permitted to consider these alleged facts is if they were subject to judicial notice. *See Precision Assocs., Inc.*

14

*v. Panalpina World Transp. (Holding) Ltd.*, No. 08-CV-42, 2011 WL 7053807, at *19 n.19
(E.D.N.Y. Jan. 4, 2011) ("Here, the websites were not quoted in or referenced in the Complaint
so the only issue is whether they are subject to judicial notice."), *adopted by* 2012 WL 3307486
(E.D.N.Y. Aug. 13, 2012).

There is some question as to whether the Court may take judicial notice that Defendant is
a debt collector.  Defendant asks the Court to take judicial notice of this alleged fact by referring
the Court to Defendant's PACER history and website.  (*See* Def.'s Reply Mem. 3.)  But
Defendant has not provided the Court with specific documents or information related to either.
*See* Fed. R. Evid. 201(c) ("The court . . . must take judicial notice if a party requests it *and the
court is supplied with the necessary information*." (emphasis added)); *see also In re UBS Auction
Rate Sec. Litig.*, No. 08-CV-2967, 2010 WL 2541166, at *15 (S.D.N.Y. June 10, 2010) ("[T]he
Court finds that it is inappropriate to take judicial notice of [a copy of an investment guide that
was allegedly available on the defendants' website] because Defendants have failed to provide
the Court with any information regarding where and when this document is or was located on
[the defendant's] website.").  Additionally, while it is true that "[t]he Second Circuit, and several
district courts in [that] Circuit, have found it appropriate to take judicial notice of the contents of
a party's website," they have found it appropriate to do so "for the *fact* of [the website's]
publication," not for the *truth* of any matter asserted therein.  *In re UBS Auction Rate Sec. Litig.*,
2010 WL 2541166, at *15 (emphasis added); *see also Finn v. Barney*, 471 F. App'x 30, 32 (2d
Cir. 2012) (finding that the district court had not abused its discretion in taking judicial notice of
various documents, including a section of a website disclosing information regarding the
defendant's business practices, in part because "the district court took judicial notice of the
documents for the purpose of establishing that the information was publicly available," but "did

15

not consider the documents for their truth"); *cf. Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547

F.3d 406, 425 (2d Cir. 2008) ("The reference [of which the district court took judicial notice]

was not relied on for its truth, and so was not a ground for decision and [did] not run afoul of the

rule that a district court must confine itself to the four corners of the complaint when deciding a

motion to dismiss under Rule 12(b)(6).").

  The Court notes that Plaintiff does not dispute that Defendant is a debt collector, even

describing Defendant as such in his Opposition and Memorandum.  (*See* Pl.'s Opp. and Mem. to

Def.'s Mot. to Dismiss and Mem. of Law ("Pl.'s Mem.") 3 ("According to the website of Justia

Inc. in California specializing in listing all filed cases[,] . . . [Defendant] is a debt collection

agency headquartered in Houston, Texas."); *id.* at 4 ("[Defendant] purchases very old debt from

multiple other debt collection agencies—what's called a second or third tier collection agency.

The debts they are attempting to collect on are often long past the statute of limitations, and are

missing a great deal of the original information.").)  But regardless of whether the Court were to

take judicial notice of the alleged fact that Defendant is a debt collector, such notice would not

result in dismissal of Plaintiff's Amended Complaint.  The mere fact that a party requesting

credit information happens to be a debt collector does not mean that the party has a permissible

purpose for doing so.  In the cases described above, the plaintiffs were unable to prevail on their

FCRA claims not just because the defendants were debt collectors, but because the defendants

had obtained the plaintiffs' credit information *in order to collect debt.  See, e.g., Caldwell*, 2012

WL 1038804, at *5 ("[O]btaining information *in order to collect debt* is a permissible purpose,

*see* 15 U.S.C. § 1681b(a)(3)(A) . . . ." (emphasis added)); *Weitz*, 2008 WL 5605669, at *5 n.8

(describing the defendant's "obtain[ing] [of] plaintiff's credit report *for the purpose of collecting

the debt owed to her*" as a permissible purpose under 15 U.S.C. § 1681b(a)(3)(A) (emphasis

16

added)); *Stonehart*, 2001 WL 910771, at \*4 ("*The referral of [the plaintiff's] debt for collection gave* [the defendant debt collector] a permissible purpose for obtaining her credit report pursuant to section 1681b." (emphasis added)); *Edge*, 64 F. Supp. 2d at 118 ("At the time that [the defendant debt collector accessed the plaintiff's credit report], *it had been referred a debt for collection, guaranteed by Plaintiff,* from [a third party]." (emphasis added)).  Defendant admits as much, stating that "[c]ourts have been unanimous and clear that *referral of an account by a creditor for collection* is a permissible purpose for a debt collection agency to obtain a consumer report . . . ."  (Def.'s Mem. 4 (emphasis added).)

Defendant has not even asked the Court to take judicial notice that Defendant was assigned Plaintiff's account for collection by Citibank, (*see* Def.'s Mem. 2–3), which is the only alleged fact to which Defendant refers that could possibly establish that it had a permissible purpose to access Plaintiff's credit information; and in any event, the Court would have been unable to take judicial notice of that alleged fact even if Defendant had asked, in part because Plaintiff repeatedly contests its veracity throughout his Memorandum, (*see, e.g.*, Pl.'s Mem. 3 ("This is questionable information; there is nothing before the court as evidence to establish proof of an 'assignment' at the time [Defendant] obtained [Plaintiff's] credit report . . . ."); *id.* at 4 ("There is no verified evidence in any form that has been entered into the court record showing [that Defendant] was 'retained' or 'assigned' to collect anything from [Plaintiff]."); *id.* at 5 ("The Declaration contains nothing more than hearsay claims that [Defendant] was 'retained' or 'assigned' to collect an 'alleged debt' and that one had been 'turned over to them' mere alleged, conclusory and hearsay statements . . . .").  *See Oneida Indian Nation*, 691 F.2d at 1086 ("Judicial notice of a disputed fact should not ordinarily be taken as the basis for dismissal of a complaint on its face."); *Trs. of Mosaic & Terrazzo Welfare Pension, Annuity, & Vacation*

17

*Funds v. Cont'l Floors, Inc.*, No. 13-CV-1739, 2013 WL 5637492, at \*3 (E.D.N.Y. Oct. 15, 2013) ("Defendants attach multiple certifications and exhibits to their motion.  The Court will not consider these extrinsic documents . . . .  The certifications and their exhibits contain, among other things, denials of certain allegations in the complaint . . . .  These materials are neither referenced nor relied upon in the Complaint, and are not the kinds of facts that may be judicially noticed." (citations omitted)).

Defendant's characterization of two cases to which it cites in its Memorandum of Law as standing for the proposition that, "[w]hen it is apparent from the pleadings that a defendant in a 1681b claim is a debt collector, dismissal . . . is appropriate," (*see* Def.'s Mem. 5), is misleading, and the facts of both such cases are easily distinguishable from those at issue in the instant Action.  In the first case to which Defendant cites, *Tilmon v. LVNV Funding, LLC*, No. 12-CV-734, 2013 WL 1001237 (S.D. Ill. Mar. 13, 2013), which Defendant describes as "granting a motion to dismiss a 1681b claim against a debt collector for 'impermissibly' accessing a debtor's credit report," (*see* Def.'s Mem. 5), the plaintiff alleged in his own complaint that he had in fact owed a debt to one of the defendants, in relation to which the other defendants had contacted him, but that he disputed the amount.  *See* 2013 WL 1001237, at \*1 ("Plaintiff alleges that . . . he received a debt collection letter from [the first defendant] on behalf of [the second defendant].  *Plaintiff responded to the letter by returning a conditional acceptance and debt verification letter.*  Plaintiff claims that . . . [the first defendant then] sent [him] an additional letter attempting to collect with a different amount due than had been previously stated." (emphasis added)).  In the second such case, *Anthony v. Cach, LLC*, No. 12-CV-9057, 2013 WL 989883 (C.D. Cal. Mar. 11, 2013), the court stated the following:

> Plaintiff generally alleges that defendant did not have a lawful purpose for obtaining his credit report, but does not explain why. *Crucially*, even though plaintiff alleges that defendant has been attempting to collect a debt plaintiff purportedly owes Bank of America, *plaintiff does not dispute the existence of the Bank of America debt nor the fact that it was assigned to defendant*. . . .  Consequently, because plaintiff has only provided a "formulaic recitation" of the elements of a claim under the FCRA, *and because plaintiff's allegations seem to admit that defendant is engaging in collection activities*, plaintiff has not adequately pled a claim under the FCRA.

2013 WL 989883, at *2 (emphasis added).

Defendant cites to an additional case for the same proposition in its Reply Memorandum. (*See* Def.'s Reply Mem. 3.)  In *Walts v. Asset Acceptance, LLC*, No. 12-CV-6884 (E.D. Pa. May 10, 2013), an unpublished order from the Eastern District of Pennsylvania, the court did indeed dismiss the plaintiff's FCRA claim because the defendant had a permissible purpose for accessing the plaintiff's credit information.  However, in its order, the court explained the aspects of the record upon which it relied in reaching that conclusion:

> Defendant Asset, a purchaser of debt accounts, alleges that it received access from Experian to "aid in Assets collection" of an account receivable in Plaintiff's name that Asset had purchased from First Energy. *This is supported by Exhibit C, attached to Plaintiff's Complaint, which shows that Asset purchased an account in Plaintiff's name from First Energy*.

*Id.* at n.1 (emphasis added).

Thus, in all three cases, it was undisputed, based on the allegations in the complaint or documents that the courts were entitled to consider, that the defendant was engaged in debt collection in relation to a debt owed by the plaintiff.  That is not the case in the instant Action, as nothing in Plaintiff's Amended Complaint or the exhibits attached thereto suggests the existence of such a debt or its assignment to Defendant, and Plaintiff disputes the existence of such alleged debt and assignment in his Memorandum.  Therefore, Defendant's Motion to Dismiss Plaintiff's

Amended Complaint on the grounds that it had a permissible purpose for accessing Plaintiff's credit information is denied.

### 2. State of Mind

However, Plaintiff's First Amended Complaint is deficient in another respect, as he has failed to allege facts sufficient to support his claim that Defendant willfully violated Section 1681b(f).  *See Perl*, 2012 WL 2711270, at *2; *Tauro*, 2012 WL 2359954, at *5; *Farkash*, 2012 WL 1948643, at *3; *Perl*, 2012 WL 178333, at *2–3; *Huertas*, 2009 WL 3165442, at *9.  As to Defendant's supposed willfulness, Plaintiff alleges only that "Defendant willfully, intentionally, [and/or] recklessly . . . violated the provisions of the FCRA by using false pretenses or knowingly in obtaining . . . Plaintiff's consumer credit report without a permissible purpose," (Am. Compl. ¶ 26); that "[w]ith no permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and reckless action," (*id.* ¶ 28); and that "the action of Defendant obtaining the consumer credit report of . . . Plaintiff with no permissible purpose or Plaintiff's consent, was a willful violation," (*id.* ¶ 30).  These allegations are pleaded in conclusory fashion, and amount to nothing more than a formulaic recitation of the elements of a cause of action. Plaintiff "alleges no facts that would establish that Defendant[] knew [it] had no permissible purpose or recklessly disregarded [its] obligation to have a permissible purpose under the law. Based on the allegations in the [Amended Complaint], Defendant['s] conduct could just as likely have been unintentional . . . ."  *Farkash*, 2012 WL 1948643, at *3.

In her Order directing Plaintiff to amend his original Complaint, Chief Judge Preska explained how Plaintiff's Complaint was deficient in relation to its allegations pertaining to Defendant's supposed willfulness:

> To state a claim [for willful violation of] § 1681b of the FCRA, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful . . . .  [A] plaintiff must allege specific facts to satisfy the state-of-mind element.  In the Complaint, Plaintiff adequately alleges that his credit report was obtained for an impermissible purpose . . . , but he fails to allege sufficient facts to show that Defendant's actions were willful . . . .
>
> [W]hile Plaintiff asserts that the Defendant's FCRA violation was willful, he does so in a conclusory manner and does not allege any facts related to the Defendant's state of mind when it allegedly obtained his credit report.  The only facts he asserts . . . do not include enough information to allow the Court to draw a reasonable inference that the alleged violation was willful or that Defendant knew that it had no permissible purpose or recklessly disregarded its obligation to have a permissible purpose under the law.

(Dkt. No. 4, at 2–4 (citations omitted).)  Plaintiff has still not remedied the deficiencies that Chief Judge Preska identified.

But Plaintiff's allegations that Defendant negligently violated Section 1681b(f) are a different matter.  As to Defendant's supposed negligence, Plaintiff alleges that "Defendant . . . negligently violated the provisions of the FCRA . . . in obtaining the Plaintiff's consumer credit report without a permissible purpose," (Am. Compl. ¶ 26), and that "Defendant's conduct was negligent," (*id.* ¶ 29).  Like his allegations as to Defendant's supposed willfulness, these allegations are pleaded in conclusory fashion, and do not constitute "facts from which the Court can infer that [Defendant] . . . should have known" that it lacked a permissible purpose to access Plaintiff's credit report.  *Tauro*, 2012 WL 2359954, at *5.

However,  Plaintiff also states that "Defendant had a duty under 15 U.S.C. § 1681s2(b) [sic] to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so."  (Am. Compl. ¶ 32.)  As noted above, Plaintiff makes this claim under the wrong section of the FCRA.  Section 1681s-2(b) relates to "[d]uties of furnishers of information *upon notice of dispute*," 15 U.S.C. §

1681s-2(b) (emphasis added), and therefore cannot have imposed a duty upon Defendant at the time that Defendant accessed Plaintiff's credit information, which Plaintiff alleges was before Plaintiff notified Defendant that there was "a dispute with regard to the completeness or accuracy of any information provided by [Defendant] to a consumer reporting agency," *id.* § 1681s-2(b)(1). *See LaCourte v. JP Morgan Chase & Co.*, No. 12-CV-9453, 2013 WL 4830935, at *9 (S.D.N.Y. Sept. 4, 2013) ("[S]ection[] 1681s-2(b) . . . [does] provide for a private right of action against entities that furnish information to credit reporting agencies, but only if the furnisher fails to take appropriate action *after* receiving notice of a dispute with regard to the completeness or accuracy of any information provided to a consumer reporting agency." (emphasis added) (internal quotation marks and alterations omitted)); *Crawford v. Duncan*, No. 11-CV-3774, 2013 WL 1346382, at *3 (E.D.N.Y. Apr. 3, 2013) ("Filing a dispute *triggers a duty* on the part of the furnisher to reasonably investigate and verify that the information is accurate." (emphasis added) (internal quotation marks omitted)).  But given the Court's obligation to construe Plaintiff's Amended Complaint liberally, the Court will construe these allegations as relating to Plaintiff's claims under Section 1681b(f), not Section 1681s-2(b), a context in which they make much more sense, and a context in which Plaintiff may have intended to assert them.

Defendant did not address these allegations in its Memorandum of Law.  Defendant cannot be blamed entirely for this omission; after all, in making such allegations, Plaintiff cited to the wrong section of the FCRA.  Nevertheless, in arguing that Plaintiff's claim that Defendant negligently violated Section 1681b(f) should be dismissed, Defendant states only that Plaintiff "did not set forth any facts in support of his claim that [Defendant's] 'impermissible' access of Plaintiff's credit report was . . . negligent," (Def.'s Mem. 7 (some internal quotation marks

omitted)); that "nowhere in the Amended Complaint does Plaintiff provide any basis for his assertion that [Defendant] acted . . . negligently," (*id.* (internal quotation marks omitted)); and that "Plaintiff's Amended Complaint does not state a factual basis for the barebones and conclusory statement that [Defendant] was . . . negligent in accessing Plaintiff's credit report," (Def.'s Reply Mem. 5 (internal quotation marks omitted)). Defendant cites only two cases in support of these arguments, both of which addressed claims brought pursuant to the FCRA, but both of which are also factually distinguishable: *Farkash v. RJM Acquisitions Funding, Inc.*, No. 12-CV-735 et al., 2012 WL 1948643 (S.D.N.Y. May 29, 2012); and *Perl v. American Express*, No. 11-CV-7374, 2012 WL 178333 (S.D.N.Y. Jan. 19, 2012).

In *Farkash*, the plaintiff alleged that the defendants had willfully and negligently violated Section 1681b(f) by impermissibly accessing his credit report. 2012 WL 1948643, at *2. As to state of mind, "[a]ll [the plaintiff] allege[d] [was] that he [did] not know what permissible purpose Defendants might have had" for accessing his credit report. *Id.* at *3. As a result, the court found that the plaintiff had "fail[ed] adequately to allege willfulness or negligence," but barely discussed the insufficiency of the plaintiff's allegations as to negligence, instead focusing almost exclusively on the insufficiency of the plaintiff's allegations as to willfulness. *Id.* at *2–3. In fact, the court concluded its analysis of the plaintiff's FCRA claims by noting that, "[b]ased on the allegations in the complaints, Defendants' conduct could just as likely have been unintentional"—a finding that spoke to the plaintiff's failure to sufficiently plead willfulness, but could not have spoken to the plaintiff's failure to sufficiently plead negligence, as negligence is unintentional by definition. *Cf. IFCO Sys. N. Am., Inc. v. Am. Home Assurance Co.*, 797 F. Supp. 2d 660, 664 (D. Md. 2011) ("[N]egligence by definition is an unintentional tort."); *Conner v. Winslow*, No. 07-CV-218, 2009 WL 1549737, at *9 (C.D. Cal. June 1, 2009) ("[N]egligence is

defined as an unintentional careless act or omission."), *aff'd*, 384 F. App'x 557 (9th Cir. 2010). In other words, while *Farkash* may support Defendant's argument that Plaintiff has failed to sufficiently plead willfulness—an argument with which the Court has already agreed—it provides little support for Defendant's argument that Plaintiff has failed to sufficiently plead negligence. And in any event, Plaintiff's allegations as to negligence in this Action are more substantial than those at issue in *Farkash*.

In *Perl*, the plaintiffs also alleged that the defendants had willfully and negligently violated Section 1681b(f) by impermissibly accessing the plaintiffs' credit reports. 2012 WL 178333, at *1. The court did not describe the plaintiffs' allegations as to negligence in detail, noting only that, for the most part, they "amount[ed] to no more than . . . legal conclusion[s] . . . ." *Id.* at *3. The court also observed that most of the plaintiffs' claims "failed to identify any duty or standard of care owed by the respective defendants," and suggested that plaintiffs had done no more than "stat[e] a violation of the FCRA . . . ." *Id.* Thus, just like *Farkash*, *Perl* does not advance Defendant's argument that Plaintiff has failed to sufficiently plead negligence here. In the case before the Court, Plaintiff has identified a duty or standard of care owed by Defendant—the "duty . . . to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report"—which duty Plaintiff alleges Defendant "breached . . . by failing to do so." (Am. Compl. ¶ 32.) In its Memoranda of Law, Defendant does not challenge the existence of such a duty.

In short, Defendant has not provided the Court with any authority suggesting that, where a plaintiff has alleged that "there was no account and/or debt which gave [a defendant] a permissible purpose to legitimately obtain" the plaintiff's credit report, (*id.* ¶ 23), and where the plaintiff has further alleged that the defendant "had a duty . . . to properly ascertain if there was

any legitimate permissible purpose before obtaining [the plaintiff's] credit report," which duty the defendant "breached . . . by failing to do so," (*id.* ¶ 32), such allegations are insufficient to state a claim for negligent violation of 1681b(f).  Unlike in *Farkash*, Plaintiff has done more than merely "allege[] . . . that he does not know what permissible purpose Defendants might have had." *Farkash*, 2012 WL 1948643, at *3.  And unlike in *Perl*, Plaintiff has not "failed to identify any duty or standard of care owed by the . . . defendants."  *Perl*, 2012 WL 178333, at *3.

To be clear, the Court makes no finding at this juncture as to whether Plaintiff has in fact sufficiently stated a claim for negligent violation of Section 1681b(f); rather, in the absence of convincing arguments from Defendant as to why Plaintiff's claim should be dismissed, the Court declines to exercise its authority to dismiss Plaintiff's claim *sua sponte*.  *Cf. Elektra Entm't Grp., Inc. v. Barker*, 551 F. Supp. 2d 234, 240 n. 6 (S.D.N.Y. 2008) ("Because Defendant has not raised this argument in her brief, the Court declines to reach this question.") (collecting cases); *Cummings v. Giuliani*, No. 00-CV-6634, 2000 WL 1597868, at *2 (S.D.N.Y. Oct. 24, 2000) ("Ordinarily, sua sponte dismissal of a [pro se] plaintiff's claim is disfavored.").  However, the Court's decision is without prejudice to Defendant's right to file a motion to dismiss such a claim in response to any subsequent amended complaint that Plaintiff may choose to file.

## III.  Conclusion

The Court is cognizant that "[t]he Second Circuit, as a general matter, is solicitous of *pro se* litigants, enforcing standards of procedural leniency rather than holding them to the rigidities of federal practice."  *Watson v. Geithner*, No. 11-CV-9527, 2013 WL 5441748, at *2 n.1 (S.D.N.Y. Sept. 27, 2013).  Pro se litigants are "ordinarily afforded" "special solicitude," which "takes a variety of forms," including "relaxation of the limitations on the amendment of

25

pleadings . . . ." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). But "[i]n some circumstances, such as when a particular *pro se* litigant is familiar with the procedural setting as a result of prior experience, . . . it falls well within a district court's discretion to lessen the solicitude that would normally be afforded." *Id.* at 102. Although the Court has been particularly solicitous of Plaintiff to date, this is a case in which the Court would be well within its rights to limit such solicitude, as Plaintiff has filed at least three other similar actions under the FCRA in the Southern District of New York in the past several years. *See Braun v. NCO Fin. Sys., Inc.*, No. 12-CV-8927 (S.D.N.Y. filed Dec. 6, 2012); *Braun v. Client Servs. Inc.*, No. 12-CV-5256 (S.D.N.Y. filed July 2, 2012); *Braun v. Encore Receivable Mgmt., Inc.*, No. 12-CV-4384 (S.D.N.Y. filed June 4, 2012).

Given Plaintiff's familiarity with this procedural setting, and given that Plaintiff has already been provided with an opportunity to correct some of the deficiencies identified in this Opinion once before, but failed to do so, Plaintiff will be afforded one last opportunity to amend his Complaint. Plaintiff is reminded that, regardless of his *pro se* status, he is required to have a good-faith basis for any allegations that he may choose to make. *See Dumont v. United States*, No. 13-CV-0873, 2013 WL 6240468, at *12 (N.D.N.Y. Dec. 3, 2013) ("Plaintiff is . . . warned that he is not protected from Rule 11 sanctions merely because he appears pro se."); *Mac Truong v. Hung Thi Nguyen*, No. 10-CV-386, 2013 WL 4505190, at *3 (S.D.N.Y. Aug. 22, 2013) ("The fact that a litigant appears pro se does not shield him from Rule 11 sanctions." (internal quotation marks omitted)); *Wik v. Kunego*, No. 11-CV-6205, 2013 WL 6073633, at *2 (W.D.N.Y. July 15, 2013) ("Plaintiff is a *pro se* litigant who has brought several actions in this Court over the past several years, and who should therefore be familiar with Rule 11 of the Federal Rules of Civil Procedure. Plaintiff is hereby cautioned . . . that if he continues to file

26

frivolous applications he may be sanctioned pursuant to Rule 11 . . . . Such sanctions may include monetary penalties and the dismissal of his actions with prejudice, as the Court, in its discretion, may deem necessary to deter such frivolous and vexatious conduct." (quoting previous court order)).

For the foregoing reasons, Defendant's Motion to Dismiss is granted in part and denied in part. Plaintiff's claim that Defendant willfully violated Section 1681b(f) is dismissed without prejudice, while Plaintiff's claim that Defendant negligently violated Section 1681b(f) survives, for the time being. Plaintiff may file a Second Amended Complaint within 30 days of the issuance of this Opinion, which Complaint may address the deficiencies that the Court has identified. Should Plaintiff fail to do so, his claim that Defendant willfully violated Section 1681b(f) will be dismissed with prejudice for failure to state a claim upon which relief can be granted. Should Plaintiff file a Second Amended Complaint, Defendant will have 20 days either to answer or to submit a pre-motion letter. The Clerk is respectfully directed to terminate the pending Motion. (*See* Dkt. No. 18.)

SO ORDERED.

Dated:      March 28, 2014
            White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE